UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                                  Case No. 14-10233

PETER ELLIOT SHEFMAN,

    Defendant.
                                    /

**OPINION AND ORDER GRANTING DEFENDANT'S OBJECTION TO DEFAULT
JUDGMENT AND WRIT OF CONTINUING GARNISHMENT
AND DENYING DEFENDANT'S REQUEST FOR HEARING**

Pending before the court is Defendant's objection to garnishment and request to vacate default judgment (Dkt. # 12) and Defendant's request for a hearing on his objection and request to vacate. (Dkt. # 13.)  The court interprets Defendant's objection to garnishment and request to vacate the default judgment as a Rule 60(b) motion for relief from a final judgment and a motion to quash the writs of garnishment pursuant to 28 U.S.C. §§ 3202(d), 3205(c). The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, Defendant's motion for relief from a final judgment and motion to quash the writs of garnishment will be granted, and Defendant's request for a hearing will be denied as moot.

**I. BACKGROUND**

On October 13, 2000, the government filed a complaint seeking to recover from Defendant Peter Elliot Shefman a student loan debt owed to the United States.  (*United States v. Shefman,* No. 00-74565.)  The Honorable Gerald E. Rosen dismissed the

case without prejudice for lack of prosecution and provided the government thirty days to file for reinstatement of the action. (No. 00-74565, Dkt. # 26.)

The government did not re-file its complaint until almost nine years later on January 17, 2014, and the case was randomly drawn by the undersigned. (Dkt. # 1, Pg. ID 1.)  The government's January 17, 2014 complaint seeks to recover the same student debt from Defendant Peter Elliot Shefman, which, combined with interest and administrative fees, costs, and penalties, totaled $1,486.83 at the time the government re-filed the complaint. (Dkt. # 1, Pg. ID 1.)  After Defendant failed to answer the complaint, the government requested that the Clerk of the Court enter judgment by default pursuant to Fed R. Civ. Pro. 55(a) and 55(b)(1). (Dkt. # 7, Pg. ID 19.)  On July 3, 2014, the Clerk of the Court entered judgment by default in favor of the government and against Defendant in the amount of $1,486.83, plus a $350 filing fee and interest. (Dkt. # 9, Pg. ID 25.)  Upon applications filed by the government (Dkt. # 10, 11), the Clerk of the Court issued two Writs of Continuing Garnishment, on August 1, 2014 and August 12, 2014, respectively, for the full amount of the judgment. (Dkt. # 15, 17.)

Before the court is Defendant's objection to garnishment and request to vacate the default judgment, which the court interprets as a motion for relief from a final judgment and a motion to quash the writs of garnishment.  Defendant also requests a hearing on his motions.

## II. STANDARD

### A. Motion to Vacate Default Judgment

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(6)." "[T]he Federal Rules of Civil Procedure and Sixth Circuit caselaw supply a two-pronged inquiry for evaluating motions to vacate a default judgment." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). First, the court considers the equitable factors set forth in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.3d 839, 845 (6th Cir. 1983) to determine if good cause has been shown under Rule 55(c). *Burrell*, 434 F.3d at 831. Those factors include "(1) [w]hether the plaintiff will be prejudiced; (2) [w]hether the defendant has a meritorious defense; and (3) [w]hether culpable conduct of the defendant led to the default." *United Coin Meter Co.*, 705 F.3d at 845. Second, the court determines whether the stricter requirements of Rule 60(b) are met. *Burrell*, 434 F.3d at 831. Rule 60(b) provides that "the court may relieve a party . . . from a final judgement . . . for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### B. Objection to Garnishment

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). After timely requesting the court to hold a hearing on the writ of garnishment, a debtor may move to quash the writ. 28 U.S.C. § 3202(d). The court shall hold a hearing on the motion to quash at which the issues must be limited

> (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

### III. DISCUSSION

Defendant sets forth two arguments for vacating the default judgment and quashing the writs of garnishment. First, Defendant contends that the government's instant action is barred by *res judicata*. Second, Defendant argues that the alleged debt is cancelled due to his total and permanent disability. The court finds that principles of equity, bolstered by the likelihood that Defendant's *res judicata* defense would be meritorious, justify vacatur of the default judgment and quashing of the writs of garnishment. In light of the likely merit of Defendant's *res judicata* defense, the court need not consider Defendant's argument that the alleged debt is cancelled due to his disability.

4

**A. Motion to Vacate Default Judgment**

**1. The United Coin Meter Factors**

The *United Coin Meter* equitable factors weigh in favor of finding good cause to vacate the default judgment. In evaluating the *United Coin Meter* factors, the court must first consider whether the default resulted from culpable conduct of the defendant. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). "A party's conduct is culpable if it display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). Nothing in the record suggests that Defendant's failure to file an answer to the government's complaint was based on an intent to thwart the proceedings or reckless disregard for the effect of his conduct; in fact, the court infers from the record that Defendant did not possess such intent or reckless disregard.

In his objection to the writs of continuing garnishment and request to vacate the default judgment, Defendant argues that the instant action should be barred by *res judicata*. As discussed below, Defendant's *res judicata* defense is likely meritorious. Defendant had little incentive to intentionally thwart the judicial proceedings by failing to answer the complaint given that he later filed a motion containing a persuasive *res judicata* defense.

Furthermore, the government was unable to serve Defendant as provided in Federal Rule of Civil Procedure 5 and Michigan Court Rule 2.105. (Dkt. # 3, Pg. ID 8.) The government, therefore, moved for alternate service, which was granted, and served Defendant by posting on June 4, 2014. Although not addressed in Defendant's

motions, there is reason to question when Defendant received actual notice of these proceedings given that Defendant had little incentive to intentionally or recklessly fail to answer the complaint. Additionally, the government describes Defendant as having a "repeatedly litigious history."[1] (Dkt. # 18, Pg. ID 83.) Assuming Defendant is litigious, then it is even more likely that Defendant's failure to answer was unintentional, particularly in light of his likely meritorious defense.

Second, there is no indication on the record that the government would be prejudiced by vacating the default judgment. Any delay in adjudicating the government's claim "does not qualify as sufficient prejudice under Rule 55." *Burrell*, 434 F.3d at 835. Moreover, the government waited nearly nine years to re-file its complaint after Chief Judge Rosen dismissed the original case in March 2005 for lack of prosecution. In light of the government's lack of urgency in pursuing this debt, it is unlikely that the government would suffer any prejudice from vacating the default judgment.

Third, Defendant's *res judicata* defense is likely meritorious. *Res judicata*, or "[c]laim preclusion[,] is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The elements of claim preclusion are: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or

---

[1] The government appears to request in its response to Defendant's motions that the court deny Defendant's motions "based on Defendant's repeatedly litigious history." (Dkt. # 18, Pg. ID 18.) A defendant's history of litigation is not an appropriate basis for denying motions to vacate default judgment and quash writs of garnishment.

their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

Here, it is undisputed that the instant action and the previous action involve the same parties and the same cause of action, and it is highly likely that the subsequent action raises issues that were, or should have been, litigated in the prior action. Regarding the first element, a dismissal for lack of prosecution is a decision on the merits for the purposes of *res judicata*. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009); *Moore v. Martin*, 178 F.3d 1295, 1999 WL 107974, at *2 (6th Cir. 1999) (unpublished opinion). Likewise, the 2005 order dismissing the first case without prejudice included the condition that "[p]laintiff may, for good cause shown, move for reinstatement of this action within thirty (30) days of the date of this Order." (No. 00-74565, Dkt. # 26.) Such a dismissal without prejudice is "limited both temporally and substantively." *Braham v. Home Depot U.S.A., Inc.*, 225 F. Supp.2d 762, 769 (E.D. Mich. 2002). The government's failure to reinstate the action within 30 days of the order converted the dismissal into one with prejudice. *See Id.* (holding that a similar conditional dismissal without prejudice converted to a dismissal with prejudice after the time period for action passed, and explaining that "[a]ny other interpretation of the Court's Order would render the 'upon good cause shown, to reopen the action within thirty (30) days' language of the Order superfluous"). Accordingly, it is likely that Defendant would be able assert a meritorious *res judicata* defense to the government's action.

**2. The Rule 60(b) Requirements**

Given that the *United Coin Meter* equitable factors weigh in favor of finding good cause, the court now considers whether any of the Rule 60(b) reasons to vacate the default judgment are met. Defendant does not argue that the reasons set forth in Rule 60(b)(1)-(5) apply to this case, and Rule 60(b)(6)'s "catch-all" provision "should only be applied in unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006). This instant case, however, is one of the rare cases where the principles of equity and the public policy interests implicated by Rule 60(b) motions mandate that the court vacate the default judgment.

The Sixth Circuit has recognized that Rule 60(b) motions to vacate default judgments implicate two public policies: (1) the "[p]ublic policy favoring the finality of judgments [which] is reflected in the more specific requirements of Rule 60(b) than apply once an actual default judgment has been entered and damages have been calculated" and (2) "the competing policy consideration that values the disposition of cases on their merits." *Burrell*, 434 F.3d at 832. Typically, these public policy interests are at odds when a court is reviewing a default judgment on a Rule 60(b) motion. The case presents an "unusual and extreme situation[]" where both policy interests favor vacating the default judgment. *Frontier Ins. Co.*, 454 F.3d at 597. First, whereas courts reviewing Rule 60(b) motions must typically concern themselves with only the finality of the default judgment being challenged, here, there are two final judgments which raise competing finality interests. As discussed above, the 2005 order dismissing the government's original complaint became final after the government's time to reinstate its action lapsed. The default judgment became final when it was entered on July 3, 2014;

meanwhile, the 2005 order which purportedly resolved the same dispute became final over nine years earlier on April 13, 2005. The court finds that it would do more harm to the public policy favoring finality to let stand a recent default judgment that strongly calls into question the finality of a case decided approximately nine years earlier, than to vacate the default judgment. Second, as is typical with Rule 60(b) motions, the public policy favoring disposition of cases on their merits weighs in favor of vacating the default judgment.

The government provides no justification for waiting nearly nine years to re-file its complaint after Chief Judge Rosen issued an order giving them thirty days to reinstate the action before the judgment became final. In light of the government's significant delay in re-filing the case, Defendant's likely meritorious *res judicata* defense, and the dual-public policy interests supporting vacatur, this court will vacate the Clerk's Entry of Judgment by Default. (Dkt. # 9.)

### B. Motion to Quash Writs of Garnishment

When reviewing a motion to quash a writ of garnishment issued following a default judgment, the court considers "(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d). As discussed above, Defendant is likely to have a meritorious *res judicata* defense against the claim for the debt, and, after considering the *United Coin Meter* equitable factors, the court finds that there is good cause for setting aside the judgment. Accordingly, the court will grant Defendant's motion to quash the writs of garnishment.

9

## IV.  CONCLUSION

IT IS ORDERED that "Defendants' Objection to Plaintiff's Default Judgment and Writ of Continuing Garnishment and Request for the Court to Vacate Plaintiff's Orders, Declare Orders 'Void' and Dismiss Case with Prejudice Based on 'Res Judicata'" (Dkt. # 12), which is interpreted as a motion for relief from a final judgment and a motion to quash the writs of garnishment, is GRANTED.

IT IS FURTHER ORDERED that the Clerk's Entry of Judgment by Default (Dkt. # 9) and the Clerk's Entry of Default (Dkt. # 8) are VACATED, and both Writs of Continuing Garnishment (Dkt. # 15; Dkt. # 17) are QUASHED.

IT IS FURTHER ORDERED that "Defendant's Request for Hearing on His Objection and Dismiss Plaintiff's Case with Prejudice" (Dkt. # 13) is DENIED as moot.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 20, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 20, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522